UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| OWB, REO, LLC,<br><br>        Plaintiff,<br><br>   vs.<br><br>MARIA NEGRETE,<br><br>        Defendant. | Case No: C 11-1377 SBA<br><br>**ORDER REMANDING ACTION AND DENYING IN FORMA PAUPERIS APPLICATION** |

    Plaintiff filed the instant unlawful detainer action against Defendant in the Superior Court of California, County of San Joaquin, on November 15, 2010. The complaint seeks possession of certain residential property occupied by Defendant. On March 22, 2011, Defendant filed a pro se notice of removal on the basis of federal subject matter jurisdiction, pursuant to 28 U.S.C. § 1331. Also on March 22, 2011, Defendant filed an Application to Proceed In Forma Pauperis.

    Under 28 U.S.C. § 1915(e)(2), federal courts are authorized to review claims filed IFP prior to service and to dismiss the case at any time if the court determines that: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief. A pleading filed by a pro se plaintiff must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

    A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577, 583 (1999). Moreover, with regard to Defendant's removal based on federal question subject matter jurisdiction, the Court is required to consider issues related to federal subject matter jurisdiction and may do so sua sponte. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-94 (1998).

1  Because this Court finds that it lacks federal question subject matter jurisdiction, it REMANDS
2  this action to state court and DENIES Plaintiff's application for IFP status on the basis that the
3  removal is frivolous.

4  Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the
5  district courts of the United States have original jurisdiction, may be removed by the defendant
6  or the defendants, to the district court of the United States ...."  28 U.S.C. § 1441(a).  Under 28
7  U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the
8  Constitution, laws, or treaties of the United States."  Federal question jurisdiction is presumed
9  to be absent unless the defendant, as the party seeking to invoke the court's jurisdiction, shows
10 that plaintiff has either alleged a federal cause of action, American Well Works Co. v. Layne &
11 Bowler Co., 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a
12 state cause of action that turns on a substantial dispositive issue of federal law, Franchise Tax
13 Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983); Smith v. Kansas City Title
14 & Trust Co., 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed
15 into an inherently federal cause of action by completely preempting the field of its subject
16 matter, Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 560 (1968).

17 In the case of a removed action, a district court must remand the case to state court "if at
18 any time before the final judgment it appears that the district court lacks subject matter
19 jurisdiction."  28 U.S.C. § 1447(c); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992).
20 "The presumption against removal means that the defendant always has the burden of
21 establishing that removal is proper." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241,
22 1244 (9th Cir. 2009).  "[R]emoval statutes are strictly construed against removal." Luther v.
23 Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008).  As such, any
24 doubts regarding the propriety of the removal favor remanding the case. See Gaus, 980 F.2d at
25 566.

26 Here, Defendant's notice of removal alleges that Plaintiff, through its lawful detainer
27 action, has violated a federal law entitled "S. 896 Sec. 702 Effect of Foreclosure on Preexisting
28 Tenancy," and on that basis Defendant asserts federal subject matter jurisdiction.  See Notice

of Removal, Dkt. 1.  However, federal subject matter jurisdiction is premised on the face of the complaint, and cannot lie in anticipated defenses.  Specifically, federal courts have jurisdiction over cases in which a "well-pleaded complaint" establishes that federal law creates the cause of action.  Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).  Defensive matters are not considered to confer federal question jurisdiction for removal purposes: "a defendant may not remove a case to federal court unless the *plaintiff's complaint* establishes that the case 'arises under' federal law."  Id. at 10 (emphasis in original).  In reviewing the complaint, it is readily apparent that this case does not satisfy the jurisdictional requirements for federal subject matter jurisdiction.  Plaintiff's complaint is for unlawful detainer and does not assert any federal cause of action.  Thus, at the time of removal, on the record presented, it is facially apparent that this case does not meet the requirements of 28 U.S.C. § 1331 for federal subject matter jurisdiction.  Accordingly,

IT IS HEREBY ORDERED THAT the instant action is REMANDED to the Superior Court of California, County of San Joaquin, and Plaintiff's application for IFP status is DENIED on the basis that removal is frivolous.  The Clerk shall close this file and terminate all pending matters.

IT IS SO ORDERED.

Dated:  May 2, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

OWB REO LLC,

       Plaintiff,

  v.

MARIA NEGRETE et al,

       Defendant.
                                          /

Case Number: CV11-01377 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 3, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Maria Negrete
4437 Mist Trail Drive
Stockton, CA 95206

Dated: May 3, 2011

                                  Richard W. Wieking, Clerk

                                         By: LISA R CLARK, Deputy Clerk